```
                                          Priority   ____
                                          Send       ____
                                          Enter      ____
                                          Closed     ____
                                          JS-5/JS-6   ✓
                                          JS-2/JS-3  ____
                                          Scan Only  ____
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAFAR FOGHI, | CASE NO. CV 15-7347 - RGK (PJWx) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING CASE TO SUPERIOR COURT |
| v. | |
| ALBERT NANEZ, DOES 1 to 5, | |
| Defendants. | |

Before the Court is Defendant Albert Nanez's motion to proceed *in forma pauperis* ("IFP"). For the following reasons, the motion is denied and the action is remanded to the Los Angeles County Superior Court.

On September 18, 2015, Defendant, proceeding *pro se*, lodged a Notice of Removal, accompanied by a request to proceed IFP, attempting to remove this unlawful detainer action from state court. The Court has denied the IFP application under separate cover. To prevent the action from remaining in jurisdictional limbo, however, the Court also issues this Order, remanding the action to the Superior Court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place. And, to the extent that Defendant is seeking to federalize this case by raising federal claims in his

defense, he cannot do so. The Court considers only the claims raised in the Complaint to determine whether there is federal jurisdiction and does not take into account any federal defenses Defendant did or could have raised. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (federal questions must be disclosed on the face of the complaint as a defendant's reply is not a basis for federal jurisdiction); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (explaining federal law defense does not create federal jurisdiction if the complaint on its face does not present federal question).

Plaintiff's unlawful detainer action does not raise a federal question. See 28 U.S.C. §§ 1332, 1441(b). Further, even assuming that Plaintiff and Defendants are from different states, the amount in controversy is only $2,100, well below the $75,000 minimum for diversity cases. See 28 U.S.C. §§ 1332, 1441(b).

Because there is obviously no federal jurisdiction over this case, removal is improper and it is, therefore, subject to remand. 28 U.S.C. § 1441(a); *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 6230 Sylmar Avenue, Van Nuys, California, 91401, (2) the clerk send a certified

1 | copy of this Order to the Superior Court, and (3) the Clerk serve
2 | copies of this Order on the parties.
3 |     IT IS SO ORDERED.
4 |     DATED: September 29, 2015

*/s/ R. Gary Klausner*
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

28 | S:\PJW\Cases-IFP\AAA IFP DENIALS\IFP. denial.removal.unlawful detainer Foghi v Nanez.wpd